FILED'08 MAY 29 14:13USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LaVERN I. MEDEARIS and RUSSELL
L. MEDEARIS, on behalf of themselves
and all others similarly situated,

                Plaintiffs,

v.


OREGON TEAMSTER EMPLOYERS
TRUST, THE WILLIAM C. EARHART
COMPANY, INC., an Oregon corporation,
and DOES I-X,
                Defendants.

CV. 07-723-PK

OPINION AND
ORDER

PAPAK, Magistrate Judge:

       Plaintiffs LaVern and Russell Medearis filed this putative class action alleging 13 claims,

including ERISA claims, as well as state law claims for unfair trade practices, misrepresentation,

elder abuse, and estoppel. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

       The Court granted summary judgment on most of Plaintiffs' claims. (# 23.) Four claims

Page 1 - OPINION AND ORDER

remain in the case, a claim for benefits under ERISA, two claims for estoppel and a claim for

delay in providing plan documents under 29 U.S.C. § 1132(c).

Before the court is Plaintiffs' Motion to Compel.  For the reasons set forth below, the

motion is granted in part and denied in part.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) authorizes discovery regarding any matter, not

privileged, that is relevant to the claim or defense of any party.  Fed. R. Civ. Proc. 26(b)(1).

Courts typically construe Rule 26(b)(1) broadly to encompasses any matter that bears on, or that

reasonably could lead to other matters that would bear on, any issue that is or may be in the case.

*See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

## FACTUAL BACKGROUND

Plaintiffs LaVern and Russell Medearis filed this putative class action against Defendants

Oregon Teamsters Employers Trust (Trust), the William C. Earhart Company (Earhart Co.) and

Doe Defendants.  The Trust is an ERISA-regulated multiemployer welfare benefit plan.  The

Trust employs Earhart Co. as a contract, third-party administrator.

The Trust's Retiree Plan (Retiree Plan) provides a variety of options for retirees, including

a self-funded Trust Plan (medical only, prescription only, or both), Kaiser, Pacificorp, Secure

Horizons, Regence Blue Cross/Blue Shield options (Preferred Choice 65 and First Choice 65)

and Providence Good Health Plan.  The Trust provides a plan booklet for retirees participating in

the self-funded Trust Plan, which describes the available options.  Plaintiffs allege that the

booklet stated, "The Trust bases the Retiree self-payment on the cost of each option."

Defendants identified the March 2003 plan booklet as the source for that statement.  At oral

Page 2 - OPINION AND ORDER

argument, Defendants indicated that the March 2003 booklet remains in effect and that the earlier version, published in August 2001, has similar language.

The named Plaintiffs were participants in the Retiree Plan. The complaint alleges that the First Choice 65, Preferred Choice 65 and Secure Horizons options cost Plan participants substantially more than the cost under the direct provider.

In addition, the complaint alleges that, in 2005, the Trust's prescription drug benefits were ambiguous. On November 23, 2004, the Trust sent a renewal letter, which indicated that prescription drugs were included in the Preferred Choice 65 and First Choice 65 options. During the open enrollment period for 2005, the Plaintiffs switched to the First Choice 65 option. The change went into effect on February 1, 2005.

The Trust later revealed that the November 23, 2004 letter was an error and that Preferred Choice 65 and First Choice 65 did not actually include prescription drug coverage. The Trust phoned the participants in those plans to inform them of the error and allowed those participants to switch to another option. The Plaintiffs instead chose to terminate their participation in the Trust effective May 31, 2005.

Plaintiffs allege the existence of two classes of plaintiffs. First, they aver to a "Class A," which "consists of all Teamsters retirees and/or their beneficiaries who were sent the November 23, 2004 letter, and who enrolled in a plan whose coverage was misrepresented in that letter." Second, they allege that "Class B consists of all Teamsters retirees and/or their beneficiaries who are enrolled in an employee benefit plan administered by Defendants and who are paying premiums that are so much higher than those available elsewhere that it constitutes a breach of fiduciary duty to charge them."

Page 3 - OPINION AND ORDER

## ANALYSIS

Parties may use discovery to illuminate issues related to whether a suit should proceed as a class action under Rule 23. *Oppenheimer Fund*, 437 U.S. at 351 n.13. "The district court may limit such discovery to class certification issues, and may make appropriate orders to control the course of proceedings." *Armstrong v. Davis*, 275 F.3d 849, 872 (9th Cir. 2001) (internal citations omitted). The court must consider the need for class certification discovery, the time required, "and the probability of discovery resolving any factual issue necessary for the determination." *Kamm v. California City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975). The plaintiff "bears the burden of advancing a prima facie showing that . . . that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).

"Discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial." Fed. R. Civ. P. 23 (advisory committee note of 2003). Thus, a court may allow "controlled discovery into the 'merits,' limited to those aspects relevant to making the certification decision on an informed basis. A critical need is to determine how the case will be tried." *Id.*

Here, the relevance of particular documents and requests for admissions turns on whether the Plaintiffs will prevail on their class certification motion. At the same time, Plaintiffs need certain information to determine whether a class of plaintiffs exists. Therefore, this Court grants the motion to compel to the extent that further discovery will aid in the determination of whether a class of plaintiffs exist, and, if so, the size and scope of that class. Following the anticipated motion for class certification, the Court will entertain further motions if they become necessary

for discovery regarding the merits of the claims.  This Court's ruling on specific requests is set forth below.

## A.    Requests Denied

### Request 1(e) - Trust Eligibility and Enrollment Information for LaVern and Russell Medearis and Other Class Participants

Enrollment and eligibility information for individual Plan participants in years other than 2005 does not bear on class certification.  Information regarding individual potential class participants may be relevant to certification in some situations, such as "where a party has reason to believe that communication with some members of the class could yield information" bearing on class certification issues. *Oppenheimer Fund*, 437 U.S. at 354 n.20.  That is not the case here. Plaintiffs have the information they need with regard to the prescription drug benefits class (Class A).  With regard to the class of individuals allegedly overcharged (Class B), this Court does not discern, nor do Plaintiffs explain, why the enrollment and eligibility information of those individuals is relevant to certification.  While Court recognizes that Plaintiffs may require individual identifying information in the event that the Court certifies a class and orders notice, *see id.* at 355,  Plaintiffs have not reached that stage.   Therefore, the Court denies Plaintiffs motion to compel as to Request 1(e).

### Requests 2, 3 and 7 - Renewal Documents, Open Enrollment Communications, Trust Meeting Minutes, Consultant Reports, Insurance Contracts, Plan Documents for All Options for Each Year From 2000 - 2008.

At oral argument, Plaintiffs indicated that their requests seek to discern whether Defendants had included the statement "The Trust bases the Retiree self-payment on the cost of each option," in other materials before or after the March 2003 plan booklet. At oral argument,

Page 5 - OPINION AND ORDER

Defendants indicated that the March 2003 booklet remains in effect and that the 2001 version has similar language. Defendants also agreed to produce the 2001 version.

The Court recognizes that whether the statement appeared before or after March 2003 is relevant to determine the scope of the potential class of individuals who were allegedly overcharged (Class B). However, because Defendants indicated that the March 2003 booklet is still in effect and agreed to provide the 2001 booklet, it appears that Plaintiffs have the information they need. The Court accordingly denies these requests.

**Request 8 - Contracts between the Trust and Earhart Co.**

The Court denies this request as not relevant to class certification.

**Request 10 - All Documents Regarding Non-Litigation ERISA or Promissory Estoppel or Equitable Estoppel Claims Against Defendants**

The Court denies this request as overly broad.

**B.    Requests Denied as Moot.**

**Request 1(l) - Communications With the Department of Labor Concerning Named Plaintiffs**

Defendants assert that they have provided all information in their possession. This request is denied as moot.

**Request 4 - Communications Regarding Plaintiffs or Plaintiffs' Entitlement to Benefits**

In response to the motion to compel, Defendants produced additional documents and a privilege log for documents withheld as work product or due to attorney-client privilege. This request is therefore denied as moot.

C.      **Requests Granted in Part**

**Requests 5 and 6 - Documents Indicating the Premiums Charged to Plan
Participants and the Premiums Paid to Providers for All Options for Each Year
From 2000 - 2008**

Defendants produced a chart showing, in aggregate, the premiums charged to plan

participants and their beneficiaries and the costs charged by providers for each option for each

month in 2005.  Defendants claim that providing information on the costs paid by each individual

participant for each option for each year is unduly burdensome.  Plaintiffs claim they need

information for years beyond 2005.

"The commencement of a class action suspends the applicable statute of limitations as to

all asserted members of the class who would have been parties had the suit been permitted to

continue as a class action." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974).   Thus, a

class may potentially include all individuals whose cause of action had not expired prior to the

filing of the class action.  *See id.*

Here, among other ERISA-related claims, Plaintiffs assert an ERISA claim under 29

U.S.C. § 1132(a)(1)(B).  Courts look to the most analogous state statute of limitations to

determine the length of the limitations period for claims for benefits under an ERISA plan.

*Chuck v. Hewlett Packard Co.*, 455 F.3d 1026, 1031 (9th Cir. 2006) (internal citations omitted).

In Oregon, the most analogous state statute to a claim for ERISA benefits pursuant to 29 U.S.C. §

1132(a)(1)(B) is Oregon's six-year statute of limitations for breach of contract claims.  *See id.*,

(citing Or. Rev. Stat. § 12.080(1)).

The Court finds that information regarding the costs the Trust charged participants

relative to the costs the Trust paid to providers is relevant to determine the size of the class of

Page 7 - OPINION AND ORDER

individuals who were allegedly overcharged (Class B). The Court therefore grants the motion to compel aggregate information for years other than 2005. Defendants must produce a chart, conveying the same information as the chart Defendants produced for 2005 (#50, Ex. 1), for the period from May 16, 2001 to the present, excluding those months already covered in the 2005 chart. The Court notes Plaintiffs' motion to compel does not specify whether information in the aggregate will suffice and will entertain another motion with regard to that issue should it become necessary.

### Requests for Admissions to Determine the Number of Participants in Each Option

Defendants provided a monthly average of participants in each option for 2005. Plaintiffs now seek information on the number of participants per month per year in the Pacificare of Arizona, Pacificare of Washington, Oregon Companion Plan and Washington Companion Plan for the statute of limitations period.

The information Plaintiffs seek is relevant to determine numerosity for class certification purposes. Thus, the Court grants Plaintiffs' motion with regard to the requests for admissions. Defendants must provide the number of participants per month in the Pacificare of Arizona, Pacificare of Washington, Oregon Companion Plan and Washington Companion Plan for the period between May 16, 2001 and the present. Defendants may comply with the request to the extent that the chart ordered in response to Requests 5 and 6 contains this information. If the chart does not include information for the options because no one was enrolled in those options, the Defendants should note that.

### CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Compel is granted in part and denied

Page 8 - OPINION AND ORDER

in part. The Court grants Requests 5 and 6 in part and the request for admissions in full.

Defendants must produce a chart, conveying the same information as the chart Defendants

produced for 2005 (#50, Ex. 1), for the period from May 16, 2001 to the present, excluding those

months already covered in the 2005 chart. Defendants should note when information for specific

options is missing for particular months because no one was enrolled in that option for that

month. The Court denies Requests 1(e), 2, 3, 7, 8 and 10 and denies as moot Requests 1(l) and

4.

## SCHEDULING ORDER

Defendants production of documents pursuant to this opinion is to be completed by June

19, 2008. Plaintiffs' motion for class certification is due by July 3, 2008. Discovery unrelated to

the class certification motion is stayed pending resolution of that motion.

IT IS SO ORDERED.

Dated this 29th day of May, 2008.

Honorable Paul Papak
United States Magistrate Judge