FILED'08 OCT 01 16:02USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LaVERN I. MEDEARIS and RUSSELL L. MEDEARIS, on behalf of themselves and all others similarly situated,

Cv. 07-723 PK

Plaintiffs,

OPINION AND ORDER

v.

OREGON TEAMSTER EMPLOYERS TRUST, THE WILLIAM C. EARHART COMPANY, INC., an Oregon corporation, and DOES I-X,

Defendants.

---

REDDEN, Judge:

Plaintiffs LaVern and Russell Medearis filed this putative class action in which four claims remain: a claim for benefits under ERISA , two claims for estoppel, and a claim for delay in providing plan documents under 29 U.S.C. § 1132(c). In Findings and Recommendation dated August 26, 2008, Magistrate Judge Paul Papak found that plaintiffs' Motion for Class

Certification should be granted (#70). The matter is now before me. *See,* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

When either party objects to any portion of a Magistrate Judge's Findings and Recommendation, the District Court must make a *de novo* determination of that portion of the Magistrate Judge's report. *See,* 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981). Defendants filed timely objections to the Findings and Recommendation. I have, therefore, reviewed *de novo* Judge Papak's ruling. For the reasons set out below, Plaintiffs' Motion for Class Certification (#54) is granted.

## DISCUSSION

Judge Papak analyzed the issue of class certification at length, concluding that the requirements of numerosity, commonality, typicality, and fairness and adequacy were met. Fed. R. Civ. P. 23(a). Defendants argue that the plaintiffs' failure to exhaust the Trust's claim appeal procedures precludes class certification because it defeats typicality and adequacy, citing *Diaz v. United Agricultural Employee Welfare Plan and Trust,* 50 F.3d 1478, 1483 (9th Cir. 1995).

As a general rule, an ERISA claimant must avail him or herself of a plan's own internal review procedures before bringing suit in federal court. *Amato v. Bernard,* 618 F.2d 559, 566-68 (9th Cir. 1980). The *Diaz* court affirmed summary judgment for the defendants because the plaintiffs had failed to exhaust the plan's internal remedies. *Diaz,* 50 F.3d at 1480. There was no issue of class certification.

/ / /

/ / /

Judge Papak noted that the trial courts are divided on the issue of whether a named plaintiff's failure to exhaust administrative remedies in an ERISA action will defeat class certification, citing *Wachtel v. Guardian Life Ins. Co.,* 223 F.R.D. 196 (D.N.J. 2004)(failure to exhaust administrative remedies does not defeat typicality); *Jones v. Amer. Gen. Life & Accident Ins. Co.,* 213 F.R.D. 689, 698 (S.D. Ga. 2002)(failure to exhaust does not defeat adequacy); and *Scott v. N.Y. City Dist. Council of Carpenters Pension Plan,* 224 F.R.D. 353, 355 (S.D.N.Y. 2004)(failure to exhaust defeats typicality because it constituted a unique defense). The court should deny class certification based on a defense where "there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992). Judge Papak concluded that, because it does not appear that any of the potential class members have exhausted their administrative remedies, the named plaintiff's failure to exhaust is not a defense unique to them. I agree with Judge Papak's analysis and conclusion and adopt them as my own.

Defendants contend that the court should treat exhaustion as a threshold issue to be addressed prior to class certification. However, defendants have not plead exhaustion as an affirmative defense, nor have they moved for dismissal or summary judgment based on failure to exhaust. The merits of an affirmative defense, particularly an unpled affirmative defense, are not properly determined at the class certification stage. *Staton v. Boeing Co.,* 327 F.3d 938 (9th Cir. 2003)(the

/ / /

/ / /

/ / /

/ / /

court should not "advance a decision on the merits to the class certification stage").

Plaintiff's Motion for Class Certification (#54) is granted.

IT IS SO ORDERED.

Dated this 30 day of September, 2008.

　　　　　　　　　　　　　　　　/s/ James A. Redden
　　　　　　　　　　　　　　　　JAMES A. REDDEN
　　　　　　　　　　　　　　　　United States District Judge

4 - OPINION AND ORDER