FILED
JUN 1 1 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LaVERN I. MEDEARIS and RUSSELL
L. MEDEARIS, on behalf of themselves
and all others similarly situated,

              Plaintiffs,

v.

OREGON TEAMSTER EMPLOYERS
TRUST, THE WILLIAM C. EARHART
COMPANY, INC., an Oregon corporation,
and DOES I-X,
              Defendants.

CV. 07-723-PK

OPINION AND
ORDER

PAPAK, Magistrate Judge:

      Plaintiffs LaVern and Russell Medearis filed this class action alleging thirteen claims,

including ERISA claims, as well as state law claims for unfair trade practices, misrepresentation,

elder abuse, and estoppel. This court has jurisdiction pursuant to 28 U.S.C. § 1331. In early

2008, the court granted summary judgment on most of plaintiffs' claims, leaving plaintiffs'

Page 1 - OPINION AND ORDER

Second, Eleventh, Twelfth and Thirteenth Claims for Relief. Following its order on the motion for summary judgment, the court granted a motion for class certification on plaintiffs' claim for benefits under ERISA, the Second Claim for Relief.

In November 2008, the parties filed cross motions for partial summary judgment. The court issued a Findings and Recommendation that left two claims in the case, the class action claim for benefits under ERISA and a claim for delay in providing plan documents under 29 U.S.C. § 1132(c). The parties' joint motion for preliminary approval of their class settlement agreement is now before the court.

## LEGAL STANDARD

Settlements of class actions require approval of the district court. Fed. R. Civ. P. 23(e). The parties seeking approval must file a statement identifying any agreement made in connection with the proposal. Fed. R. Civ. P. 23(e)(3). "Before approving a class action settlement, the district court must reach a reasoned judgment that the proposed agreement is not the product of fraud or overreaching by, or collusion among, the negotiating parties and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned parties." *Ficalora v. Lockheed California Co.*, 751 F.2d 995, 997 (9th Cir. 1985); Fed. R. Civ. P. 23(e)(2). Moreover, "the court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity for individual class members to opt out of the class. Fed. R. Civ. P. 23(e)(4).

## FACTUAL BACKGROUND

Plaintiffs LaVern and Russell Medearis filed this class action against the Oregon

Teamsters Employers Trust (Trust), the William C. Earhart Company (Earhart) and Doe

defendants. The Trust is an ERISA-regulated multi-employer welfare benefit plan. The Trust

employs Earhart as a contract, third-party administrator. From 2001 to the present, the Trust

provided a variety of health insurance options for retirees, including a self-funded option and

HMO or insured options.

The Trust provides a plan booklet, called the R3 Plan Booklet, to its participants. The

booklet provides a summary of medical and prescription drug benefits for participants in the self-

funded plan. The R3 Plan Booklet states, "The Trust bases the Retiree self-payment [amount] on

the cost of each option."

## I.    Settlement of Class Claims

The plaintiffs' Second Claim for Relief alleges that defendants overcharged them for their

health plans by not basing the self-payment rate on the cost of each option, as provided in the

plan booklet. This court found that the claim met the requirements for class certification under

Federal Rule of Civil Procedure 23(b)(3) and certified the following class:

> All retirees and dependents enrolled in any of the options of the Oregon Teamster
> Employers Trust's Health and Welfare Retiree Plan R3 for Eligible Retirees and
> Eligible Dependents (except the Trust's self-funded prescription drug and
> indemnity medical option) who made one or more self-payments on or after May
> 16, 2001.

The parties did not provide notice to the class following certification and instead filed

cross motions for summary judgment. As it related to the class claim, the motions addressed

whether plaintiffs had to exhaust their administrative remedies. This court issued a Findings and

Recommendation that found plaintiffs had sufficiently exhausted their administrative remedies.

While the Findings and Recommendation remained pending before Judge Redden, the

parties entered into a settlement agreement. As part of the settlement agreement, the parties

modified the class definition to the following:

> All retirees and dependents enrolled in any of the HMO or insured options offered
> under the Oregon Teamster Employers Trust's Health and Welfare Retiree Plan
> R3 for Eligible Retirees and Eligible Dependents where, as a result of the Board
> of Trustee's discretionary rate setting actions, the self-payment rates paid exceeded
> the HMO or insurance premium rates and any uniform charges added by the Trust
> by more than a de minimis amount (defined as $10 per month) on or after May 16,
> 2001 through 2008.

The settlement agreement specifies the plan participants who meet the new class

definition. Under the settlement agreement, only individuals who participated in certain options

in 2006 and/or 2007 are eligible to recover. This does not include the named plaintiffs, who

discontinued their coverage with the Trust in 2005. In addition, the settlement agreement

provides that class members will receive only fifty percent of the difference between the amount

that he or she paid to the Trust and the HMO or insurance premium rate, less the uniform fee

added by the Trust.

Upon this court's final approval, the Trust will make $45,000 available to pay the class

members' claims. The agreement provides that any unclaimed amounts will revert to the Trust.

## II.    Settlement of Named Plaintiff's Individual Claims

In addition to the class action provisions, the settlement agreement also settles two claims

brought by the Medearises individually. The first is an estoppel claim alleging that the

Medearises enrolled in the First Choice 65 Plan because Trust promised that it included

prescription drug coverage but it did not, in fact, include that coverage. Although I

recommended that Judge Redden grant defendant's motion for summary judgment on that claim,

the defendants agreed to pay the Medearises $1,060 to resolve it.  The figure represents the difference between the cost of the First Choice 65 Plan with prescription drug coverage and the First Choice 65 Plan without prescription drug coverage, minus the Trust's administrative fee, for the months of February through May 2005.  In addition, the defendants agreed to pay $2,575 on the Medearises' Thirteenth Claim for Relief, which represents a penalty of $25 per day for the duration of the defendants' delay in providing the Medearises with requested plan documents.

Finally, the settlement agreement also covers attorney fees for plaintiffs' counsel.  He will recover $30,000 in attorney fees and expenses.  The settlement agreement does not deduct the attorney fees from a lump sum but rather provides for them separately.

## III.    The Notice

The parties prepared a Notice of Proposed Class Settlement to be sent to the class members.  The notice summarizes the facts of the case, sets forth the class definition and describes the plan participants who meet that definition.  It also indicates the amount a class member would recover for each month that he or she was enrolled in a plan that falls under the class definition.  It provides instructions on how to file a claim and how to file an objection, along with the date and time for the final settlement fairness hearing.

Although both the settlement agreement and the notice indicate that the settlement resolves any claims or potential claims by any class members based on the facts upon which the action was brought, it does not include an opt-out provision.  The notice does, however, direct individuals who have questions to contact plaintiffs' counsel, indicates that individuals may retain their own counsel, and describes where to obtain a copy of the court documents and the complete proposed settlement agreement.

Page 5 - OPINION AND ORDER

## DISCUSSION

### I.    Fairness of the Settlement

A court should approve a class action settlement if "it is fundamentally fair, adequate and reasonable." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). Courts view the settlement taken as a whole, rather than its individual component parts. *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003). In addition, courts balance several factors to determine whether a settlement agreement is fundamentally fair, including: 1) the strength of plaintiffs' case; 2) the risk, expense, complexity, and likely duration of further litigation; 3) the risk of maintaining class action status throughout the trial; 4) the amount offered in settlement; 5) the extent of discovery completed, and the stage of the proceedings; 6) the experience and views of counsel; 7) the presence of a governmental participant; and 8) the reaction of the class members to the proposed settlement. *Id.* at 960. The Ninth Circuit "has long deferred to the private consensual decision of the parties" regarding the amount of settlement and "put[s] a good deal of stock in the product of an arms-length non-collusive negotiated resolution." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 2009 U.S. App. LEXIS 8680, at *33, 35 (9th Cir. Apr. 23, 2009) (slip opinion). The district court must show it has explored all the factors, but is not required to reach an ultimate conclusion on the merits of the dispute, "for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Id.* at *30.

Here, my preliminary review of the parties agreement indicates that it will provide class members reasonable relief considering the damages and the difficulties they face in establishing liability. The parties engaged in discovery and two rounds of summary judgment proceedings

Page 6 - OPINION AND ORDER

before obtaining a compromise and thus had a clear view of the strengths and weaknesses of their case. My review of the record in this case leads me to conclude that the $45,000 set aside for settlement is sufficient to cover the claims. In addition, given the uncertainty of an outcome favorable to the plaintiffs, it was reasonable for the parties to agree that plaintiffs would recover only fifty percent of the of the difference between the amount that he or she paid and the HMO or insurance premium rate. Moreover, although the named plaintiffs received benefits not accorded to the class members, their settlement figures are not particularly high and appear to be appropriately based on their individual claims.

There appears to be no evidence of collusion or overreaching. Thus, at this preliminary stage, the proposed settlement appears to be fair, adequate and reasonable. I will review this finding, according to the fairness factors listed above, following appropriate notice to the class members and a final approval hearing.

## II.    Notice

Federal Rule of Civil Procedure 23(e) requires that notice of a proposed dismissal shall be given to all members of the class. Fed. R. Civ. P. 23(e). For any class certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "[D]ue process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class." *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994). Rule 23(c)(2)(B), however, does not require actual notice. *Id.* Notice by mail is sufficient. *Id.*

The contents of the notice must "clearly and concisely state in plain, easily understood

language:" 1) the nature of the action; 2) the definition of the class; 3) the class claims, issues, or defenses; 4) that a class member may enter an appearance through an attorney; 5) that the court will exclude from the class any member who requests exclusion; 6) the time and manner to opt out of the class; and 7) the binding effect of a class judgment. Fed. R. Civ. P. 23(c)(2)(B). In addition, a notice regarding a class settlement should: 1) describe the essential terms of the settlement; 2) disclose benefits accorded to the class representatives; 3) provide information related to attorney fees; 4) indicate the time and place of the settlement approval hearing; 5) explain the procedure for disbursing settlement funds; 6) provide enough information to enable individual class members to estimate their recoveries; and 7) prominently display the address and phone number of class counsel and how to make inquiries. Federal Judicial Center, Manual for Complex Litigation § 21.312 (4th ed. 2004).

Here, the notice proposed by the parties meets most of the requirements set forth above. The notice does not, however, include a means for individuals to opt out of the settlement. In addition, the language and structure of the notice could be confusing to some potential class members. I therefore approve the notice form prepared by the parties, with the following amendments and corrections.

1.      The parties should remove the case caption, as it may confuse individuals, and instead include the information about the case name, number and parties in the section of the document that informs class members that they may obtain records in this litigation from the Office of the Clerk at the Mark O. Hatfield Courthouse.

2.      The term "self-payments" may not be understood by the class members, who likely refer to their insurance payments as premiums. The parties should remove references to "self-

Page 8 - OPINION AND ORDER

payments" from the document and replace them with the word "premiums."

3.    The term "*de minimis*" in the class definition might confuse some people. The parties

should remove the term from the class definition.

4.    Following the heading "Notice of Proposed Class Settlement," and the current headline

explaining what the notice concerns, the sections of the document should be in the

following order: "Terms of the Proposed Settlement," "Settlement Hearing," "Important

Reminders as to Time Limits," Brief Statement of the Case," "Class Certification and

Class Definition," "Legal Effect of the Settlement,"and "Additional Information."

5.    The Claim Form should be changed to a "Claim or Opt Out Form." The form should be

changed so that the class member can select either to make a claim or to opt out of the

class. The form should state:

This form allows you to either request a refund or opt out of the terms of
the Settlement entered into by the Parties to resolve the case of *Lavern I. Medearis
and Russell L. Medearis, et al. v. Oregon Teamster Employers Trust, et al.,* U.S.
District Court for the District of Oregon, Case No. 3:07-CV-00723-PK. By
signing this form, you acknowledge that you have received the Notice of Proposed
Class Settlement and have made your decision to either claim a refund or opt out
of the Settlement. **You must select either to claim a refund or opt out of the
Settlement by checking the appropriate box below.**

CLAIM REFUND - By checking this box, I have decided to participate in
the class action settlement. I understand that my entitlement to receive a refund
will depend on verification that I am a Class member as defined in the Notice of
Proposed Class Settlement. I also understand that, if approved, the Settlement
will completely resolve any claims I have against the Oregon Teamster Employers
Trust of the The William C. Earhart Company, Inc. based on the facts upon which
the current case was brought.

OPT OUT - By checking this box, I have decided to opt out of the class
action settlement. I understand that I will not receive a refund and I will remain
free to pursue my own claim against the Oregon Teamster Employers Trust of the
The William C. Earhart Company, Inc. based on the facts upon which the current

case was brought.

These options should be followed by space for the individual to include his or her signature, name, date and address, as currently included in the notice proposed by the parties.

6.    The start of the section entitled "Important Reminders as to Time Limits" should be changed to read:

> If you wish to receive any payment under the proposed settlement, or to opt out of the settlement, you must complete the form enclosed with this notice and return it by [date] to:
>
> Oregon Teamsters Employers Trust
> c/o The William C. Earhart Company, Inc.
> P.O. Box 4148
> Portland, OR  97208

The remainder of the section may remain unchanged.  In addition, the section should keep the bold, capitalized formatting included in the proposed notice.

7.    The parties will fill in the dates on the notice to provide class members forty-five days after the mailing of the notice to object, opt out or file a claim.  The notice should also reflect that the court has set the hearing for final approval of the settlement agreement to place on Wednesday, August 26, 2009 at 10:00 a.m. in courtroom 10B.

///

///

///

///

///

Page 10 - OPINION AND ORDER

## CONCLUSION

For the reasons set forth above, I preliminarily approve the class settlement agreement and direct the parties to provide notice to the class members consistent with the instructions I set forth above.

IT IS SO ORDERED.

Dated this 11 th day of June, 2008.

Honorable Paul Papak
United States Magistrate Judge

Page 11 - OPINION AND ORDER